**SECURITIES CO. v. COMMISSIONER OF INTERNAL REVENUE.**

**CLINCHFIELD SECURITIES CO. v. SAME.**

**Nos. 290, 291.**

Circuit Court of Appeals, Second Circuit.

April 10, 1933.

Winthrop H. Kellogg, of New York City, for petitioners.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Frank M. Thompson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The government's claim to additional income taxes found to be due, is based on a sale by the Securities Company in 1924 of 3,000 shares of stock of the Missouri Pacific Railroad Company. Clinchfield Securities Company is assessed a part of the additional tax because, being a wholly owned subsidiary of the Securities Company, the two companies filed a consolidated return for 1924. If any additional tax is due, there is no objection to the division of the tax between the companies.

The stock of the Missouri Pacific Railroad Company that was sold by the taxpayer in 1924 was acquired in 1917 upon a reorganization of the old Missouri Pacific Railway by means of the usual foreclosure sale employed in such cases. Under the terms of the plan and agreement of reorganization, the stockholders of the old company, by depositing their old stock and paying $50 per share, were entitled to receive common stock of the Missouri Pacific Railroad Company, which had acquired the assets of the old corporation, of the same par value and general mortgage 4 per cent. bonds of the new company in principal amount equal to the cash paid. Pursuant to the plan, 25 per cent. of the payment was made by the taxpayer on May 22, 1917, and the remaining 75 per cent. with interest from May 22 was paid on August 22, 1917, after which the new securities were delivered.

The petitioners, in their returns, claimed a deductible loss of $40,882.50 on the sale. The respondent disallowed this claim and determined that a profit resulted from such sale in the amount of $10,117.50. The Board of Tax Appeals determined that there was a

taxable profit on the sale of $8,617.50 calculated as follows:

Selling price of 3,000 shares of Missouri Pacific Railroad stock in 1924............ $94,117.50
Market value of such stock on August 22, 1917 ........................................ 85,500.00

Taxable profit ............................. $ 8,617.50

It is to be noticed that the Board of Tax Appeals held that a taxable profit was realized in 1924 and that it was based upon the difference between the value of the new stock when issued in 1917 and the greater sum obtained upon the sale.

The issues before us make it necessary to state the cost and dates of acquisition of the stock of the old company so far as the shares were found by the Board of Tax Appeals to have been involved in the reorganization and the sale of the new stock in 1924. In 1909 the Securities Company purchased 3,000 shares of stock of the old company at a cost of $211,106.25. The value of these 3,000 shares on March 1, 1913, was $113,500. On June 11, 1913, they purchased 1,000 shares of the old company at a cost of $26,125. In 1924 they sold 3,000 shares of the new stock for $94,117.50 as we have already stated.

The government contends that, when the sale of 3,000 shares of the new stock was made in 1924, gain or loss was realized measured by the difference between the market value of the stock on August 22, 1917, when issued to the taxpayer, and the amount of the selling price. In other words, the argument is that the issue of the new stock was a closed transaction and had no relation to the cost or value of the old stock for purposes of determining gain or loss in 1924. But the taxpayer calls attention to section 203(b) (2) of the Revenue Act of 1924, 26 USCA § 934 (b) (2), which provides that:

"(2) No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization."

It argues that the foregoing clause applies to the present case and nullifies the calculation of a gain based upon the difference between the value of the stock when issued and the amount realized when it was sold. The government, however, seeks to avoid the application of the clause. It says that the stock of the old company was not exchanged "solely for stock or securities" of the new company, but that the old stock and cash,

upon payment of which the taxpayer was permitted to participate in the reorganization, were so exchanged. Yet the payment of cash did not take the transaction out of section 203 (b) (2), for the word "solely" is aimed at what is received in exchange and not at what is handed over in order to secure participation in a reorganization. Section 203 (b) (2) was designed to prevent persons who participate in a reorganization from receiving a distribution of corporate assets without being subjected to a profits tax when a profit has been realized. If such distribution were made, gain is recognized under section 203 (d) (1), 26 USCA § 934 (d) (1), to the extent of the distribution.

As we said in Cortland Specialty Co. v. Commissioner, 60 F.(2d) 937, at page 939, "Reorganization in the most ordinary sense suggests 'the formation of a new corporation * * * for the purpose of purchasing the company's works and other property, after the foreclosure of a mortgage or judicial sale,'" and again at page 940 referring to the Revenue Act of 1926, "Its purpose was to relieve those interested in corporations from profits taxes in cases where there was only a change in the corporate form in which business was conducted without an actual realization of any gain from an exchange of properties."

While, strictly speaking, the payment of $50 per share was not an assessment, but a voluntary payment made for the privilege of participating in the reorganization, that fact did not deprive the taxpayer of the right to invoke section 203 (b) (2). In De Blois v. Commissioner (C. C. A.) 36 F.(2d) 11, a similar payment made by a stockholder in order that he might participate in a reorganization, was held to show an election on his part not to claim a loss under section 202 (a) of the Revenue Act of 1918 (40 Stat. 1060), and to bring him under section 202 (b) of that act relating to reorganization. To be sure, the word "solely" did not appear in section 202(b) of the Revenue Act of 1918, but, as we have already said, that word in the act of 1924 applied only to the securities received in exchange and not to the property handed over under the plan of reorganization. We conclude that the Board of Tax Appeals erred in holding that section 203 (b) (2) did not apply to this case, and that the exchange in 1917 was a closed transaction whereby a profit was realized in 1924 to the extent of the excess of the selling price over the value of the new stock received on August 22, 1917.

The mode of computing gain or loss where securities are received, in pursuance of a plan of reorganization in exchange for stock and cash handed over by the reorganized corporation, and are afterwards sold, is governed by section 204 (a), section 204 (a) (6), and section 204 (b) of the Revenue Act of 1924, 26 USCA § 935 (a) (6), (b), read in connection with section 203 (b) already mentioned, and section 202 (a) and (b) of that act, 26 USCA § 933 (a) and note. The portions of section 204 (a), section 204 (a) (6) and section 204 (b) that are applicable to the facts of this case are as follows:

Sec. 204 (a). "The basis for determining the gain or loss from the sale * * * of property acquired after February 28, 1913, shall be the cost of such property; except that—* * *

"(6) If the property was acquired upon an exchange described in subdivision (b) * * * of section 934 [203], the basis shall be the same as in the case of the property exchanged, * * * increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made. * * *

"(b) The basis for determining the gain or loss from the sale * * * of property acquired before March 1, 1913, shall be (A) the cost of such property, * * * or (B) the fair market value of such property as of March 1, 1913, whichever is greater."

In section 202 (a) of the act of 1924, 26 USCA § 933 (a), it is provided that "the gain from the sale * * * of property shall be the excess of the amount realized therefrom over the basis provided in subdivision (a) or (b) of section 935 [204] of this title, and the loss shall be the excess of such basis over the amount realized." In section 202 (b), 26 USCA § 933 note, it is provided that "In computing the amount of gain or loss * * * proper adjustment shall be made for (1) any expenditure properly chargeable to capital account."

The foregoing clauses in effect provide that upon such an exchange of securities, as is referred to in section 203 (b) (2), "no gain or loss * * * is recognized," and, where the securities received under the reorganization are sold after February 28, 1913, the basis for determining gain or loss shall be the same "as in the case of the property exchanged" with the adjustments specified in section 204 (a) (6).

It follows from the foregoing sections and subdivisions that the loss in the present case must be computed as follows:

| | |
|---|---|
| 3,000 shares of the old stock purchased in 1909 at a cost of | $211,106.25 |
| Such cost, being greater than the market value of $113,250 on March 1, 1913, was the basis for determining gain or loss under section 204 (b) of the Act of 1924. | |
| 1,000 shares of the old stock purchased on June 11, 1913 | 26,125.00 |
| Cash paid in 1917 under plan of reorganization and chargeable to capital pursuant to section 202 (b) of the Act of 1924 | 200,000.00 |
| Property exchanged | $437,231.25 |
| Loss to the taxpayer recognized upon the exchange under Revenue Act of 1916 (being the law applicable in 1917) to be subtracted from the total, pursuant to section 204 (a) (6) | 110,125.00 |
| | $327,106.25 |

The loss of $110,125 recognized under the law applicable in 1917 is computed as follows:

| | |
|---|---|
| Market value on March 1, 1913, of 3,000 shares of the old stock purchased in 1909, which was lower than cost, was, under the Act of 1916, the proper value to be taken in computing loss on stock acquired before March 1, 1913 | $113,250.00 |
| Cost of 1,000 shares of old stock purchased June 11, 1913 | 26,125.00 |
| Cash paid in 1917 under plan of reorganization | 200,000.00 |
| Basis for gain or loss under law applicable in 1917 | $339,375.00 |
| Deduct market value on August 22, 1917, of new securities: | |
| 4,000 shares of new stock at 28½ $114,000 | |
| Bonds at 57% 115,250 | $229,250.00 |
| Loss recognized under Revenue Act of 1916 applicable in 1917 | $110,125.00 |

From the foregoing figures the loss should be computed under the act of 1924 as follows:

| | |
|---|---|
| Basis for gain or loss upon sale of new stock and bonds | $327,106.25 |
| Basis for computing gain or loss from sale of 4,000 shares of new stock $\frac{\$114,000}{\$229,250} \times \$327,106.25$ | 162,661.34 |
| Three-fourths of $162,661.34 represents basis to be used in computing gain or loss upon sale of 3,000 shares of the new stock in 1924 | 121,996.00 |
| Selling price of 3,000 shares | 94,117.50 |
| Loss allowable to taxpayers | $ 27,878.50 |

The government contends that section 204 (a) (6) of the act of 1924, 26 USCA § 935 (a) (6), means that the basis for computing loss shall be the same as under the law applicable to the year in which the exchange was made—that is to say, the Revenue Act of 1916 (39 Stat. 756). But subdivision (6) does not justify this. It merely states that "the basis shall be the same as in the case

of the property exchanged" decreased by the "loss " : * that was recognized upon such exchange under the law applicable to the year in which the exchange was made." In other words, the transaction is to be treated in the same way as though the old securities had been carried through without exchange to the date of the sale adjusted by the loss recognized under the law in effect at the time of the exchange.

■ The law applicable to the year in which the exchange was made is invoked, not to fix the basis, but only to determine the amount of the loss recognized in that year for the purpose of subtraction from the basis calculated under the law of 1924. Such was the departmental ruling in the memorandum of the Solicitor of Internal Revenue No. 2723, III, 2 Cum. Bull p. 26. In Ball v. Commissioner, 27 B. T. A. 388, the Board of Tax Appeals likewise decided in accordance with the interpretation of section 204 (a) (6) which we have adopted. The difference between the act of 1916 and the act of 1924 is that under the former act the cost or market value on March 1, 1913, whichever be lower, is taken as the basis for computing loss on securities purchased before March 1, 1913, whereas, under the latter act, cost or market value on March 1, 1913, whichever be greater, is the criterion. It is argued on behalf of the government that, if section 204 (a) (6) be applied in this case, section 204 (b) 26 USCA § 935 (b) may not be because they are mutually exclusive. But this is not so. Section 204 (a) (6) provides that the basis for determining gain or loss upon securities acquired after February 28, 1913, shall be the same as in the case of the property exchanged. Section 204 (b) states just how gain or loss upon such exchanged securities as were acquired prior to March 1, 1913, should be determined, and says that the basis shall be cost or the fair market value as of March 1, 1913, whichever is greater. We can see no justification in depriving a taxpayer of a loss which has been actually suffered by interpreting section 204 (a) (6) in a manner contrary to its literal terms and in a way that is, to say the least, extremely doubtful.

■ The taxpayer contends that the new securities were issued under the plan of reorganization on June 26, 1917, and accordingly should be valued as of that date, and not as of August 22, 1917, for the purpose of computing the loss deductible under the act of 1916. But the taxpayer was not entitled to the securities until the time when the final installment of cash was paid, and that was August 22. The stock should therefore be valued as of that date.

The Securities Company should be allowed a loss of $27,878.50 upon the sale of the 3,000 shares of stock of the Missouri Pacific Railroad Company. The orders of the Board of Tax Appeals are reversed, and the proceedings remanded, with direction to determine the tax deficiencies accordingly.