## AHLES REALTY CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 37.

Circuit Court of Appeals, Second Circuit.

June 4, 1934.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Montgomery B. Angell, of New York City, and Weston Vernon, Jr., of Washington, D. C., of counsel), for appellant.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Robert N. Anderson, Sp. Assts. to Atty. Gen., for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The income taxes of the petitioner for the fiscal years 1925 and 1926 are here asked to be reviewed. Sections 1001, 1002, 1003, of the Revenue Act of 1926, c. 27, 44 Stat. 9, 109, 110 (26 USCA §§ 1224 and note, 1225, 1226); section 603 of the Revenue Act of 1928, c. 852, 45 Stat. 791, 873 (26 USCA § 1224); section 1101, Revenue Act of 1932, c. 209, 47 Stat. 286 (26 USCA § 1224 and note).

The petitioner, a New York corporation organized November 30, 1923, received a conveyance of real estate from a New York corporation of the same name about the same time. This new corporation transferred to the old corporation (vendor), which had been organized February 6, 1922, under the New York law, its authorized capital stock of par value of $500,000 and income debenture bonds of the par value of $500,000 in exchange for all the capital stock of the old corporation. The property which the old corporation conveyed was the real estate which

had passed to Louis J. Snyder, trustee of the estate of J. W. Ahles, deceased, who had owned all the capital stock of the old corporation.

The offer to make the exchange reads:

"The old corporation will transfer to the new corporation * * * all of the assets of the old corporation including name and good will as a going concern. * * * This exchange of securities I find to be convenient and desirable for the operation of the properties confided to me as such trustee.

"All of the liabilities of the old corporation are to be assumed by the new one.

"By operation of law, the company organized in January 1922 will cease to exist on or about December 9, 1923."

November 30, 1923, the old corporation was dissolved by the new corporation and the latter thereupon received its entire assets. The real property was placed on the books of the new corporation at an appraised value. It later sold two parcels of its property during the fiscal years of 1925, and a third parcel in 1926. In ascertaining the gain or loss on these sales for tax purposes, the Commissioner used, as a basis, the cost basis to the old corporation. The petitioner contends that, in determining the gain or loss, the fair market value of the property on November 30, 1923, the date of the transfer from the old corporation to it should be used.

Section 203 (h) (1) of the Revenue Act of 1926, 26 USCA § 934 (h) (1), is applicable and the exchange of the corporate securities in the new corporation for the transfer of the assets of the old corporation followed by the dissolution of the old corporation was a reorganization. Reorganization as used in section 204 (a) (7), 26 USCA § 935 (a) (7), is defined in section 203 (h) (1), 26 USCA § 934 (h) (1), as (A) a merger or consolidation, including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation or substantially all of the properties of another corporation; or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred; or (C) a recapitalization; or (D) a mere change of identity, form, or place of organization, however effected. In the instant case, the petitioner acquired all the capital stock of the old company and took over all its property, whereupon the old

company ceased to exist. When this transaction was completed, it was found that the sole stockholder of the old, the sole stockholder of the new, had a 100 per cent. control over and interest in the identical assets. This was a reorganization within the statute. Pinellas Ice & Cold Storage Co. v. Comm'r, 57 F.(2d) 188 (C. C. A. 5) affirmed 287 U. S. 462, 53 S. Ct. 257, 77 L. Ed. 428; Cortland Specialty Co. v. Comm'r, 60 F.(2d) 937 (C. C. A. 2); Helvering v. Gregory, 69 F.(2d) 809 (C. C. A. 2).

It is argued that the taking over of the assets of the old company and its dissolution by the new company are separate transactions, and therefore there was no reorganization. There certainly was no merger for the essence of a merger is the absorption by one corporation of the properties and franchises of another whose stock it has acquired, whereupon the merged corporation ceases to exist and the merging corporation alone survives. Indeed, Snyder in his letter of November 26, 1923, referred to, says: "This exchange of securities I find to be convenient and desirable for the operation of the properties confided to me as such trustee." The exchange was duly effected pursuant to this writing. Snyder stated: "I own all of the capital stock of the Ahles Realty Corporation organized in January, 1922 and have caused your new corporation to be formed as a reorganization of the prior one." This leaves little doubt of the intent to reorganize. There was a continuity of interest in the transaction, a continuance of the business conducted by the old corporation under the modified corporate form. After reorganization, the sole stockholder became the sole stockholder of the new, and the new corporation at completion was possessed of the same assets as the old. As stated in section 203 (h) (1) (D), 26 USCA § 934 (h) (1) (D), it was "a mere change in identity, form, or place of organization, however effected."

A single transaction may not be broken up into various elements to avoid a tax. West Texas Refining & Development Co. v. Comm'r., 68 F.(2d) 77 (C. C. A. 10); Prairie Oil & Gas Co. v. Motter, 66 F.(2d) 309 (C. C. A. 10).

The real estate was not acquired by the petitioner in liquidation proceedings, but in connection with a reorganization. The basis of determining the gain or loss from the sales made in 1925 and 1926 is fixed by section 204 (a) (7) of the Revenue Act of 1926, 26 USCA § 935 (a) (7). Thus the basis is the same as it would be in the hands of the trans-

feror, increased in the amount of gain recognized to the transferor upon such transfer, under the law applicable to the year in which the transfer was made. Securities Co. v. Comm'r., 64 F.(2d) 330 (C. C. A. 2). The basis to be used is the same as it would be with the same property in the hands of the old corporation. Mente & Co. v. Commr., 24 B. T. A. 401; Piedmont Financial Co., Inc., v. Comm'r., 26 B. T. A. 1221.

The parties have stipulated that the Commissioner in his deficiency notices of December 18, 1928, and March 21, 1929, has correctly determined the taxable profits from these sales if the new corporation is compelled to use the cost basis of the old corporation and "If the Board finds that the new corporation is compelled to use the cost basis to the old corporation in determining the gain or loss from the sales accruing in the years 1925 and 1926, then the Board should enter judgment for the respondent and approve the deficiencies as proposed in the deficiency notices."

This stipulation is controlling and makes it unnecessary to refer the matter back for computation and further consideration by the Board. Tait v. Western Md. Ry. Co., 289 U. S. 620, 53 S. Ct. 706, 77 L. Ed. 1405.

Order affirmed.