## COMMISSIONER OF INTERNAL REVENUE v. HARRIS et al.

### SAME v. RICE et ux.

#### Nos. 6366, 6367.

Circuit Court of Appeals, Third Circuit.

Sept. 16, 1937.

James W. Morris, Asst. Atty. Gen., and Maurice J. Mahoney and Sewall Key, Sp. Assts. to the Atty. Gen., for petitioner.

H. V. Blaxter, J. Henry O'Neill, J. Garfield Houston, and Blaxter, O'Neill & Houston, all of Pittsburgh, Pa., for respondents.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

PER CURIAM.

In the opinion of the Tax Board in these two tax cases and the conclusions drawn therefrom the facts, which are undisputed, are thus stated:

"During 1926, after the death of petitioners' decedent, on January 26, 1926, the estate was the owner of 937 shares of Davis Company, which was engaged in the theatrical and amusement business in Pittsburgh. 6,200 shares were outstanding, of which Harry Davis owned 3,263. On October 1, 1926, Davis and the Stanley Company made an agreement in writing whereby Davis undertook, after having the quick assets of the Davis Company transferred to a new corporation, to assign and to procure to be assigned to the Stanley Company at least 60 per cent of the Davis Company shares, in exchange for Stanley Company shares in the ratio of six Stanley shares for each Davis share. Stanley Company also agreed to procure the agreement of a banking house to purchase, at $80 each, half (18,600) of the Stanley shares thus to be issued to the Davis shareholders. Davis made known the plan to the Davis minority shareholders, and it was adopted by all of them. The date of settlement was December 15, 1926. Before that time, the Stanley Company procured Smith & Company to agree to buy 18,600 of the Stanley shares from the Davis shareholders; and Smith & Company made such a written agreement with Davis, representing all the Davis shareholders. These agreements were fully performed on the date of settlement, so that on that date the petitioners gave up their 937 Davis shares, and at the same time, 5,622 Stanley shares were, upon the petitioners' order, delivered by the Stanley Company, one-half to Smith & Company and the other half to another nominee of the petitioners. Smith & Company paid to a representative of petitioners $80 a share for the 2,811 shares allocable to them. * * *

"The Stanley Company acquired the entire stock of the Davis Company, and this was a reorganization within clause (A) of the statutory definition found in paragraph (1) of subdivision (h) of section 203 of the Revenue Act of 1926 (44 Stat. 12)."

"The respondent contends that the transaction in which the petitioners disposed of their stock was not an exchange of 937 Davis shares for 5,622 Stanley shares, but for 2,811 Stanley shares and cash of $224,880, being 2,811 shares at $80 each. Whether the receipt by the petitioners of 2,811 shares and $224,880 in cash was one transaction, as the respondent contends, or two separate transactions, as the petitioners contend, is a question of fact. Helvering v. Ward (C.C.A.) 79 F.(2d) 381. We find as a fact from the evidence that two separate transactions occurred, namely, the exchange by the petitioners, pursuant to the plan of reorganization, of 937 shares of Davis Company stock for 5,622 shares of Stanley Company stock, and the sale of 2,811 of the said Stanley shares, at $80 each, for $224,880. * * *

"In our opinion, the petitioners' treatment of the transaction on their return was correct, and the respondent's determination incorrect."

After full consideration had, we find no error in the Board's action and, so regarding, the appeals of the Commissioner are dismissed.