**MILLER v. COMMISSIONER OF INTER-
NAL REVENUE.**

**HAWK v. SAME.**

**Nos. 7796, 7797.**

Circuit Court of Appeals, Sixth Circuit.

April 7, 1939.

Homer Hendricks, of Washington, D.
C., Bernard J. Onen, of Battle Creek,
Mich., and Miller & Chevalier, of Washington, D. C., for petitioners.

James W. Morris, Asst. Atty. Gen., and
Sewall Key and Maurice J. Mahoney, Sp.
Assts. to Atty. Gen., for respondent.

Before SIMONS, HAMILTON, and
ARANT, Circuit Judges.

SIMONS, Circuit Judge.

In an earlier opinion under the same
style, 6 Cir., 84 F.2d 415, we held that a
transfer of stock by Miller and Mrs.
Hawk's decedent, majority stockholders of
the Enquirer-News Company of Battle
Creek, to Federated Publications, Inc., for
a consideration partly in cash and partly
in stock, was a transfer in pursuance of a
merger or consolidation as defined by §
112 of the Revenue Act of 1928, subsection
(b), 26 U.S.C.A. § 112(b). We thereupon
set aside decisions of the Board of Tax
Appeals sustaining deficiencies of the petitioners for 1928 based upon a recognition
of realized gain in the transaction as
though it were a sale or exchange under
subsection (a). When the cases again
came before the Board of Tax Appeals
upon remand, the Board made a recomputation of gain in the application of subsection (c). The general rule for the recognition of gain upon the sale or exchange
of property is stated in subsection (a), and
requires the entire amount of gain or loss
to be recognized subject to exceptions
thereafter indicated. These exceptions include (subsection (b) (3) the exchange of
stock in a corporation which is a party to
a reorganization, or in pursuance of a plan
of reorganization, and (subsection c) gains
from exchanges not solely in kind. In
reference to the latter it is provided: "(1)
If an exchange would be within the provisions of subsection (b) (1), (2), (3), or
(5) of this section if it were not for the
fact that the property received in exchange consists not only of property per-

mitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property."

The facts are not in dispute. August 15, 1928, Miller and Hawk entered into three written agreements, by the first of which they agreed to sell all of the outstanding capital stock of the Enquirer-News Company and to deliver all of the stock, whether presently owned by them or not, for the sum of $500,000. The second agreement, contemporaneous with the first, provided that the new corporation should pay cash in the amount of $375,000 for three-fourths of the Enquirer-News Company stock, and should exchange with the petitioners 6,250 shares of new common stock in the transferee corporation for one-fourth of the stock of the Enquirer-News Company. The third agreement designated the escrow agent, and defined its authority.

The Board treated the three agreements as related steps in a unitary transaction, held the transfer of the petitioners' stock to have been in exchange for money and property and that the gain on the entire transaction must be recognized but limited to the sum of money received. The petitioners contend that there was not one transaction, but two, an exchange of stock in pursuance of a reorganization and a sale of other stock for cash, that the gain realized upon the stock sold is to be recognized, but that no gain is to be recognized upon the exchange. They point out that the stipulated facts recite that the cash was used to pay for 600 shares of stock transferred by the petitioners and minority stockholders, and that their remaining shares were transferred to the new corporation in satisfaction of stock subscriptions. The separateness of the transactions, they say, is established by the mandate of this court and the implications of our opinion. It is conceded by both parties that the computation of tax liability by each on the theory of liability advanced is correct.

It is doubtless true that the form in which the transaction was consummated was a sale of certain stock and an exchange of other stock. This does not, however, preclude an inference that there was but a single transaction, unitary in purpose and effect, by which the transferee was to acquire, and did, all of the stock of the Battle Creek News-Enquirer, and by which the petitioners were to retain a continuing substantial interest in the property transferred.

■■ It has been the rule, approved in a long line of cases, that for income tax purposes the component steps of a single transaction are not to be treated separately. Prairie Oil & Gas Co. v. Motter, 10 Cir., 66 F.2d 309; Tulsa Tribune Co. v. Commissioner, 10 Cir., 58 F.2d 937; Ahles Realty Corp. v. Commissioner, 2 Cir., 71 F.2d 150, 151; First Seattle Dexter Horton National Bank v. Commissioner, 9 Cir., 77 F.2d 45, and our recent decision in Ashland Oil & Refining Co. v. Commissioner, 6 Cir., 99 F.2d 588, the Swiss Oil case. The contemporaneous execution of the agreements, their apparent interdependence, the undertaking of the petitioners to deliver all of the stock, whether owned by them or not, and the insistence that neither petitioner would consent to a sale of his interest until each was assured that he would continue in the business of the new company, an insistence that led not only to a stipulation in the agreement with the purchasers to that effect but to a like understanding between the petitioners themselves, all support an inference, reasonably to be drawn, that the transaction by which the petitioners received both cash and stock was single in character.

■ Nor is there anything in our mandate or our earlier opinion that expressly or by implication precluded the Board from treating the transfer of shares for stock and money as unitary. In determining that the transfer was in pursuance of a reorganization, and that the petitioners had retained a definite and material interest in the property transferred, representing a substantial part of its value, in response to the test laid down in Helvering v. Minnesota Tea Co., 296 U.S. 378, 56 S.Ct. 269, 80 L.Ed. 284, we said [84 F. 2d 418]: "It will therefore be seen that the petitioners acquired an interest in the new corporation almost equal to 50 per cent. of the interest they had in the old company, and exactly equal to 25 per cent. of the value of the total number of shares transferred." It is plain that in determining whether the interest retained was substantial in character we considered it not only in relation to the total number of shares of the transferee corporation, but

in relation also to the value of the total number of shares originally owned and transferred, and that both comparisons contributed to our conclusion.

The view we take is we think wholly in accord with that of Starr v. Commissioner, 4 Cir., 82 F.2d 964; Commissioner v. Harris, 3 Cir., 92 F.2d 374, is readily distinguishable from the instant case on the facts, and if United States v. Rodgers, 3 Cir., 102 F.2d 335, decided February 20, 1939, upon rehearing, is contra, which does not appear to be clear, we decline to follow it.

The decisions of the Board of Tax Appeals are affirmed.