**WHITNEY et al. v. UNITED STATES.***
No. 42640.

Court of Claims.
June 1, 1936.

*Writ of certiorari denied 57 S. Ct. 40, 81 L. Ed. ——.

78

Will R. Gregg and John W. Fisher, both of Washington, D. C., for plaintiffs.

Guy Patten, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The provisions of the Revenue Act of 1921, as amended by the act of March 4, 1923, and the Revenue Act of 1926, relating to the question presented in this case, are set forth in the footnote.[1]

[1] Revenue Act of 1921, § 202 (c). "For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

"(1) When any such property held for investment, or for productive use in trade or business (not including stock-in-trade or other property held primarily for sale), is exchanged for property of a like kind or use; * * *

"(d) (1) Where property is exchanged for other property and no gain or loss is recognized under the provisions of subdivision (c), the property received shall, for the purposes of this section, be treated as taking the place of the property exchanged therefor, except as provided in subdivision (e)." (42 Stat. 230).

Act of March 4, 1923. "That paragraph (1) of subdivision (c) of section 202 of the Revenue Act of 1921 is amended, to take effect January 1, 1923, to read as follows: '(1) When any such property held for investment, or for productive use in trade or business (not including stock-in-trade or other property held primarily for sale, and in the case of property held for investment not including stock, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of in-

When the decedent acquired the stock of the Mammoth Oil Company in 1922, he became the owner of property which, at that time, was worth $1,905,913.17 more than the cost to him or the March 1, 1913, value of the stocks of the Standard Oil Company and the R. J. Reynolds Tobacco Company which he exchanged therefor. However, this gain was not taxable for the reason that the 1921 Revenue Act provided that no gain or loss should be recognized upon exchange of property held for investment. But this was not a tax exemption under the 1921 act. That provision of the 1921 act was based upon the principle that nothing of substance had happened since the stock received in exchange simply took the place of the stock exchanged therefor. The basis to be used in determining gain or loss on the sale or disposition of the newly acquired stock was therefore plainly the cost or the March 1, 1913, value of the old stock exchanged therefor.

One of plaintiffs' contentions is that the basis for the determination of gain or loss on the sale or disposition of new stock was the value in 1922 of the old stock exchanged therefor. Under this contention the decedent could, except for the provisions of section 202 (d) (1) of the 1921 act, have sold the stock of the Mammoth Oil Company for its then realizable market value immediately upon completion of the exchange and realized an actual cash profit of $1,905,913.17 without any portion thereof being subject to income tax. It is clear, we think, that this would have been contrary to the plain purpose

and intent of section 202 (c) (1) of the 1921 act, even though subdivision (d) (1) thereof had not been enacted. Subdivision (d) (1) of section 202 plainly prohibited such a result. It provided that: "Where property is exchanged for other property and no gain or loss is recognized under the provisions of subdivision (c), the property received shall, for the purposes of this section, be treated as taking the place of the property exchanged therefor, except as provided in subdivision (e)." This provision only made plain what otherwise would have followed in practice in exchanges of this character, namely, that the basis of the new stock should be the basis of the old stock exchanged for it.

Plaintiffs argue that section 204 (a) (6) of the Revenue Act of 1926 relates only to exchanges which are tax free under that act and to exchanges of the same kind which were taxable under earlier acts, and that in drafting section 204 (a) (6) of the 1926 act Congress overlooked the fact that certain exchanges therein made taxable had been free of tax under the act of 1921. It is upon this interpretation of the 1926 act that they based their claim for a loss in 1926 of $1,905,913.17 in excess of their actual loss. When Congress provided by section 202 (c) of the Revenue Act of 1921 that no gain or loss should be recognized in the case of an exchange of property held for investment, we think it is clear that it did not overlook the fact that the property received upon such exchange might thereafter be sold. In order, therefore, that no permanent tax exemption of gain might be given or loss

debtedness or interest), is exchanged for property of a like kind or use." 42 Stat. 1560.

Revenue Act of 1926. "Sec. 203. (a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202, shall be recognized, except as hereinafter provided in this section.

"(b) (1) No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment, or if common stock in a corporation is exchanged sole-

ly for common stock in the same corporation, or if preferred stock in a corporation is exchanged solely for preferred stock in the same corporation. * * *

"Sec. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that— * * *

"(6) If the property was acquired upon an exchange described in subdivision (b), (d), (e), or (f) of section 203, the basis shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made." (44 Stat. 12, 14).

denied, subdivision (d) (1) of the section was enacted to make it plain that the property received should take the place of the property exchanged therefor. Thus Congress provided for the ultimate determination of gain or loss upon the basis of actual facts, and we are of opinion that this rule was not changed by sections 203 (d) (1) and 204 (a) (6) of the Revenue Act of 1926.

Section 202 (c) (1) of the 1921 act was amended by the Act of March 4, 1923, by which amendment gain or loss was recognized for income tax purposes upon exchanges of the character involved in the case at bar. This act of 1923 did not amend section 202 (d) (1) of the 1921 act, thereby preventing an increase of basis in the case of nontaxable exchanges under the Revenue Act of 1921. In this amendment of the 1921 act it is clear that Congress was aware of the fact that such exchanges had theretofore been nontaxable.

That portion of section 204 (a) (6) of the Revenue Act of 1926, heretofore quoted, and upon which plaintiffs rely, is identical with section 204 (a) (6) of the Revenue Act of 1924 (43 Stat. 258), and we think it is clear that Congress did not overlook the fact in the enactment of these two statutes in 1924 and 1926 that exchanges of property of the character here involved had theretofore been nontaxable. The report of the Committee on Ways and Means, 68th Congress, 1st Sess., with reference to the basis for determining gain or loss stated with reference to section 204 of the Revenue Act of 1924, as follows: "(2) Paragraph (6) corresponds to section 202 (d) (1) of the existing law [Act of 1921]. The general theory of this section is that where no gain or loss is recognized as resulting from an exchange, the new property received shall, for purposes of determining gain or loss from a subsequent sale and for depreciation and depletion, be considered as taking the place of the old property given up in connection with the exchange. The provisions of section 203 of the bill that no gain or loss is recognized from certain exchanges do not grant an exemption and are not so intended. * * *"

What we have stated above shows, we think, that Congress was aware at all times that certain of the exchanges of property "described" in the statutes subsequent to the 1921 act and including the act of 1926 were nontaxable under the Revenue Act of 1921. The history of the entire legislation on this subject compels the conclusion that by sections 204 (a) (6) and 203 (b) (1) of the Revenue Act of 1926, Congress intended to continue to regard nontaxable exchanges under the 1921 act as they had been treated by that act with respect to the basis to be used in the determination of gain or loss upon the sale or disposition of new stock received upon such exchanges.

We think the Commissioner was clearly right in his determination, and plaintiffs are not entitled to recover. The petition is therefore dismissed, and it is so ordered.