WALTER H. FIELD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VIOLA W. FIELD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 92355, 92453. Promulgated January 25, 1940.

*Vernon F. Gant, Esq.*, for the petitioners.
*Arthur L. Murray, Esq.*, for the respondent.

184

Disney: These proceedings, duly consolidated, involve income taxes for the year 1935. The Commissioner determined deficiencies as follows: In Docket No. 92355, deficiency of $656.96, all of which is in controversy, petitioner claiming refund of $11.37; and in Docket No. 92453, a deficiency of $288.35, all of which is in controversy, petitioner claiming a refund of $59.37. The facts have been stipulated, including the submission as a joint exhibit of a copy of the deficiency notice in Docket No. 92355. As stipulated the facts are found by us, and will be referred to herein only so far as necessary to discussion of the issue involved. The stipulation also disposes of one issue, leaving for our consideration only the question, identical in each proceeding, as to whether gain or loss is recognized, under section 112, Revenue Act of 1934,[1] where bonds are exchanged for bonds of the same corporation.

Petitioners are husband and wife, residing at all times material in California. In 1934, prior to September 1, 1934, petitioner Walter H. Field, with community funds purchased 5 percent bonds of the Imperial Irrigation District of California, maturing January 1, 1983. The cost was $15,790 for bonds of $34,000 par value; likewise on June 12, 1935, with community funds he purchased, at a cost of $617.50, 5 percent bonds of the same irrigation district, having a par value of $1,000. Later in 1935, and after October 13, 1935, he exchanged the $35,000 par value 5 percent bonds for $35,000 par value 6 percent bonds of the same irrigation district, maturing January 1, 1983, and paid $1,451.02 cash as "boot." At that date the $35,000 par value 5 percent bonds had a fair market value of $23,786.48, and the $35,000 par value 6 percent bonds had a fair market value of $25,237.50. Respondent in computation of the deficiency took the position that there was gain of $7,378.98, being the difference between $16,407.50 total cost of the 5 percent bonds, and $25,237.50, the fair market value at date of exchange of the 6 percent bonds received, less the cash payment of $1,451.02; and taxed $7,319.08 at 80 percent and the balance of $59.90 at 100 percent, and allocated the gain to

[1] (a) General Rule.—Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.

(b) Exchanges Solely in Kind.—

(1) Property Held for Productive Use or Investment.—No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment.

(2) Stock for Stock of Same Corporation.—No gain or loss shall be recognized if common stock in a corporation is exchanged solely for common stock in the same corporation, or if preferred stock in a corporation is exchanged solely for preferred stock in the same corporation.

petitioners in equal parts. Petitioners contend that the transaction was a tax-free exchange. No issue is made as to the percentage at which tax is computed; nor as to allocation between the parties.

In short, the petitioners argue that there is no difference in principle between the nontaxable exchange of stock for stock in the same corporation under section 112 (b) (2) and exchange of bonds for bonds of the same corporation; further, that the bonds exchanged were "substantially identical" under the thought of *Marie Hanlin et al., Executors*, 38 B. T. A. 811; affd., 108 Fed. (2d) 429. Such substantial identity does not appear. The bonds transferred in exchange differed from those received by 1 percent in interest rate. We are not informed as to maturity date of $1,000 par value of the 5 percent bonds, and the provisions of the bonds are otherwise not disclosed, and of course may essentially differ. We therefore pass consideration of any argument based upon substantial identity of bonds. This leaves only the question as to whether the provisions of section 112 (a) and (b) (1) apply.

Respondent suggests that under section 112 (a) gain or loss is recognized in general, unless otherwise excluded, that the only provision for exclusion is section 112 (b) (1) and that it specifically does not include bonds. Petitioners call attention to and rely heavily upon the language of the report of the Committee on Ways and Means as to section 112, Revenue Act of 1934, as indicating intent not to tax where a taxpayer's money remains "tied up in the same kind of property as that in which it was originally invested." Perhaps some of the petitioners' difficulty is caused by misreading the committee report, for it is erroneously quoted in petitioners' brief as reading, "The law has provided for twelve years that no gain or loss is recognized on exchange of property", etc., whereas the word "no" does not appear in the report, which reads, "The law has provided for 12 years that gain or loss is recognized on exchanges of property", etc. However that may be, we think petitioners' theory calls for an addition to, and not a justifiable interpretation of, the statute. "Bonds" are specifically excepted from the classes of property the exchange of which does not entail recognition of gain or loss by section 112 (b) (1).

The fact that in section 112 (b) (2) exchange of stock for stock entails no recognition of gain or loss is not the argument petitioners consider it for their position; on the contrary, we think it an indication that bonds were definitely not placed in the same category with stock. The doctrine of *inclusio unius exclusio alterius* impels us to such a conclusion. Moreover, we think the committee report relied upon by petitioners contradicts their contention, for, after sug-

gesting that for twelve years gain or loss has been "recognized on exchange of property having a fair market value, such as * * * bonds" it then emphasizes: "but not on *other* exchanges of property solely for like kind." (Italics supplied.) Petitioners argue, in effect, that if there are "exchanges of property solely for like kind" which do not give rise to profit or loss, an exchange of bonds is included under the latter expression; whereas we think the word "other" modifying "exchanges" definitely delimits them to those *other* than those previously described, and that an exchange of "property having a fair market value; such as * * * bonds", even though the properties are of like kind, calls nevertheless for recognition of gain or loss. The general reason is obviously found in the idea "having a fair market value." Such property offers no difficulties in computation of gain or loss and appreciation or depreciation in value is plainly ascertainable, whereas *other* exchanges of property of like kind, e. g., real property, offer more difficulty. Stocks were, to a limited extent, taken out of that category, but it required a special statute, with apparently some basis of distinction between stocks and bonds. It would be judicial legislation for us to add to the statute what it does not contain. That task is for the Congress.

*Kenneth Walsh*, 38 B. T. A. 368, relied upon by petitioners, did not present the question here involved. We therefore hold that the exchange of bonds for bonds here considered was a transaction in which gain is to be recognized.

The parties having stipulated that "in the event the Board should find for the respondent on the issue here presented, it may enter judgment for the full amount set forth in the deficiency notice in each of the cases concerned",

> *Decision will be entered in both proceedings for the respondent.*