## FORSTMANN v. ROGERS, formerly United States Collector of Internal Revenue. No. 4433.

District Court, D. New Jersey.

Feb. 16, 1940.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J., (Thomas G. Haight, of Jersey City, N. J., Robert H. Montgomery and James O. Wynn, both of New York City, W. C. Magathan, of Washington, D. C., and George G. Blattmachr, of New York City, of counsel), for plaintiff.

Francis A. LeSourd, Sp. Asst. to Atty. Gen., for defendant.

FAKE, District Judge.

This is an action in which plaintiff seeks to recover certain income taxes paid in the years 1929 and 1930. The facts are not in dispute and are presented to the Court by stipulation waiving trial by jury.

In Febraury of 1933, the Commissioner of Internal Revenue assessed additional income taxes against the plaintiff, aggregating with interest the sum of $16,714.89 for the year 1929 and the sum of $62,004.37 for the year 1930, both of which sums the plaintiff paid in March of 1933.

In August of 1933, the plaintiff filed claims for refunds claiming $17,003.33 for the year 1929 and $62,009.15 for the year 1930. The Commissioner of Internal Revenue disallowed said claims in November, 1933. Thereafter, this suit was instituted.

Plaintiff, being the owner of 7,480 shares of the common stock of Forstmann & Huffmann Company, a New Jersey corporation, exchanged them in November, 1922 for stock and securities of the Forstmann & Huffmann Company, a Delaware corporation. In December of that year, she exchanged Series A debenture bonds of said Delaware company, which then had a market value of $147,138.46 for bonds of the City of Buffalo, New York, maturing in 1929 and having a face value of $145,000, and Series A of aforesaid

debenture bonds having a market value of $147,407.29 for bonds of the City of Buffalo maturing in 1930 and having a face value of $145,000. At the same time she exchanged some of said debenture bonds, having a market value of $417,200.80, for bonds of the State of Missouri maturing in 1930 of the face value of $400,000.

The bonds of the City of Buffalo maturing in 1929 were paid at their face ($145,000), and likewise the Buffalo bonds maturing in 1930 were paid at their face ($145,000). The bonds of the State of Missouri maturing in 1930 were also paid, plaintiff receiving the face value of $400,000 therefor.

The plaintiff contends that the basis for computing gain or loss for income tax purposes on the aforesaid transactions is the value in December, 1922 of the Series A debenture bonds of the Delaware Forstmann & Huffmann Company stipulated at $711,746.55.

The defendant contends to the contrary that the basis upon which the tax must be ascertained is the original cost to the plaintiff of the Series A debenture bonds stipulated at $151,136.28. The conflict of views thus briefly stated constitutes the issue in this case and leads directly to the construction of the provisions of the statutes involved.

In 1922 when the Series A debentures were exchanged as hereinbefore set out, Section 202(c) (1) of the Revenue Act of 1921, 42 Stat. 229, was in full force and effect. Under the heading "Basis For Determining Gain Or Loss" the said section provides that "no gain or loss shall be recognized—(1) When any such property held for investment * * * is exchanged for property of a like kind or use." The transactions here come clearly within the purview of the section above cited, and no tax could then be assessed against the plaintiff thereon.

The Revenue Act of 1921 also provided by Section 202(d) (1) that where property is exchanged and no gain or loss is recognized under subdivision (c) "the property received" (in this case the municipal and state bonds) "shall, for the purposes of this section" (202) "be treated as taking the place of the property exchanged therefor" (in this case the Series A debenture bonds). This then appearing, it would follow that if the law remained the same in 1929 and 1930, when plaintiff closed out the holdings in question, the contention of the defendant would be correct, since the taxable qualities of the municipal and state bonds would carry with them the tax burden of the Series A debentures and had the latter been held and sold at the time (1929–1930) for the prices obtained for the municipal and state bonds, the basis for gain or loss would be the cost of the Series A debentures to the plaintiff.

This leads to an examination of the provisions of the Revenue Act as they were in the years 1929 and 1930. During both of these years, the Revenue Act of 1928 was in force. Section 113 thereof provides under subdivision (a), 26 U.S.C. A. § 113 note, that where property was acquired after February 28, 1913 the basis for determining the gain or loss on a sale or other disposition "shall be the cost of such property; except that * * * (6) * * * If the property was acquired upon an exchange described in section 112 (b) to (e), inclusive, the basis shall be the same as in the case of the property exchanged, * * *". This leads to Section 112 of the Act of 1928 (b) to (e) inclusive, 26 U.S.C.A. § 112(b to e), for an answer to the question as to whether or not the closing out in 1929 and 1930 was governed by that section. The only pertinent language in Section 112 is found in (b) (1), and its pertinency resides only in the fact that bonds are expressly excepted from its operation. This section deals with exchanges of property other than bonds, and therefore is without effect where bonds were exchanged for bonds as in the instant case, and we must return to Section 113 of the Act of 1928 to ascertain our position. There we find that gain or loss must be based as has been said upon "the cost of such property". By "such property" is meant "property acquired after February 28, 1913" and sold or otherwise disposed of (in this instance, the municipal and state bonds) and this language when applied to the closing out transactions covering said state and municipal bonds in 1929 and 1930 leads to the conclusion that the cost of said bonds to the plaintiff is the true basis. What did they cost the plaintiff? The answer depends upon what she parted with for them. Did she obtain them for cash? The answer is: No, she got them for Series A debentures. The next inquiry necessarily follows: What then did the Series A debentures cost her? Did

they cost her their market value when she exchanged them? The answer is: No, she did not buy them at that time. What then did they cost her?

When dealing with the subject of the "cost" in dollars and cents of a specific thing to a particular individual, we must ascertain the price paid for it by that individual at the time of its receipt. In this case it can lead to nothing other than the "cost" to the plaintiff of her Series A debenture bonds at the time she received them sometime prior to December, 1922 which is stipulated at $151,136.28. This conclusion is strengthened when it is realized that for present purposes Section 113 does not refer to market value either expressly or by implication, but to "cost" only.

It is argued for the plaintiff that the above conclusion can not be arrived at because Section 202(d) (1) of the Revenue Act of 1921 which provided for treating the property received in an exchange as taking the place of property given up, was repealed by Section 1100 of the Revenue Act of 1924, 43 Stat. 352, and that it was only by virtue of said Section 202 that the exchange might result in a subsequent tax as here assessed. As to this, it is found that the Revenue Act of 1924 provided that:

"(a) The following parts of the Revenue Act of 1921 are repealed * * *

"Title II (called 'Income Tax') as of January 1, 1924."

"Section 1100 * * * (b) The parts of the Revenue Act of 1921 which are repealed by this Act shall * * * remain in force for the assessment and collection of all taxes imposed by such Act, and for the assessment, imposition, and collection of all interest, penalties, or forfeitures which have accrued or may accrue in relation to any such taxes, and for the assessment and collection, to the extent provided in the Revenue Act of 1921, of all taxes imposed by prior income, war-profits or excess-profits tax acts, and for the assessment, imposition, and collection of all interest, penalties, or forfeitures which have accrued or may accrue in relation to any such taxes. In the case of

any tax imposed by any part of the Revenue Act of 1921 repealed by this Act, if there is a tax imposed by this Act in lieu thereof, the provision imposing such tax shall remain in force until the corresponding tax under this Act takes effect under the provisions of this Act."

The foregoing presents a repealer and at the same time partially nullifies its effect by continuing repealed parts in full force and effect. This tends to confusion at first glance, but sound reason dictates that the repealer must be read as coupled with exceptions and limited to its clear intent. The exceptions being the parts continued in force, it is found that the Act of 1921 is continued in force as to all taxes imposed by that Act "to the extent provided" by that Act. This includes and continues in effect the provisions of 202 (d) (1) wherein the property received stands in the place of the property given up and the sale with which we are here concerned would be taxed on the basis therein contemplated. The more the language of the aforesaid repealer is pondered, the more it appears that Congress did not intend to and actually did not repeal the provisions of Section 202(d) (1) in so far as a tax payer's status was fixed thereby. It follows that the argument for plaintiff in this connection must fall. It is apparently thought by counsel, however, that there is ambiguity in the language used by Congress in the repealer and the intent of Congress must be explored. This was carefully considered by the Court of Claims in Whitney v. United States, 15 F.Supp. 76, and resulted in the same final conclusion as here arrived at.

The pertinent provisions of the Revenue Act of 1924 were carried forward in the Revenue Acts of 1926 and 1928 and the construction given to the Act of 1924 therefore follows through the 1928 Act. This results in the final determination here that the basis upon which plaintiff's tax, arising out of the receipt of payment in 1929 and 1930 for her municipal and state bonds, is the original cost to her of her Series A Forstmann & Huffmann debentures.

Judgment will be entered for the defendant.