### FORSTMANN v. ROGERS.

No. 7712.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 20, 1941.

Decided April 27, 1942.

Bernard Chertcoff, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Helen R. Carloss and S. Dee Hanson, Sp. Assts. to Atty. Gen., and Charles M. Phillips, U. S. Atty., and Thorn Lord, Asst. U. S. Atty., both of Trenton, N. J., on the brief), for appellant.

George E. Cleary, of New York City (Pitney, Hardin & Skinner and Charles R. Hardin, all of Newark, N. J., and Robert G. Surridge, of Root, Clark, Buckner & Ballantine, of New York City, on the brief), for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

In December, 1922, the taxpayer exchanged debenture bonds of a Delaware corporation for bonds of the State of Missouri and the City of Buffalo. The original cost allocated to the debentures was $151,136.28. Their fair market value in December, 1922, was $711,746.55. The taxpayer held the state and municipal bonds for investment and not primarily for sale. In 1929 and 1930 the bonds matured and the taxpayer received $690,000 for them. In her income tax returns for those years the taxpayer claimed a capital loss as a result of the disposition of the bonds. In her computation she treated the fair market value of the debentures in December, 1922, as the basis for computing the loss. The Commissioner computed a capital gain by treating the allocated cost of the debentures as the basis and assessed deficiencies. The taxpayer paid the additional taxes and interest and brought suit against the Collector for their refund in the District Court for the District of New Jersey.

Originally the district court held that under section 113 of the Revenue Act of 1928 the basis for computing gain or loss was the cost of the state and municipal bonds and that the cost of those bonds was the cost of the debentures which the taxpayer had exchanged for them. 31 F. Supp. 660. It accordingly entered judgment for the Collector. Upon rehearing the court concluded that the cost of the bonds was the fair market value of the debentures at the time of the exchange and entered judgment in favor of the taxpayer. 35 F.Supp. 916. The Collector has appealed from this judgment.

Section 113(a) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 380, provides that "The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—" and then follow twelve exceptions to this general rule. Passing for the moment the question whether any of these exceptions are applicable and assuming that cost is to be the basis we are met at the outset with the question to which the court below gave principal attention, namely whether the cost of the state and municipal bonds within the meaning of section 113(a) was the value, at the time of exchange, of the debentures which were given in exchange for them, or whether it was the original cost to the taxpayer of those debentures. This question is no longer an open one. In Hazeltine Corporation v. Commissioner, 3 Cir., 1937, 89 F.2d 513, we held that where securities were given in exchange for property the cost of the property acquired was the fair market value of the securities given in exchange for it. The decisions in other circuits are to the same effect. Rice v. Commissioner, 1 Cir., 1931, 47 F.2d 99; Commissioner v. Schumacher Wall Board Corp., 9 Cir., 1937, 93 F.2d 79; Champlin Refining Co. v. Commissioner, 10 Cir., 1941, 123 F.2d 202. Consequently unless the quoted provision of section 113(a) is rendered inapplicable by one of the exceptions which appear in that section it is clear that the district court was right in holding that the basis for determining gain or loss was the fair market value of the debentures at the time of the exchange.

We accordingly pass to the consideration of the statutory exceptions to the cost basis rule laid down in section 113(a). There are twelve of these but upon examination it is obvious that the only one which could have any bearing on the problem with which we are concerned is exception (6) which provides: "(6) Tax-free exchanges generally. If the property was acquired upon an exchange described in section 112(b) to (e), inclusive, the basis shall be the same as in the case of the property exchanged, decreased in the amount of any money re-

ceived by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made. * * *" According to this exception the basis of property received upon an exchange is to be the cost of the property given in exchange rather than its own cost only if paragraph (b), (c), (d) or (e) of section 112, 26 U. S.C.A. Int.Rev.Acts, page 377–379, describes the exchange. Paragraphs (c), (d) and (e) have no relevancy and accordingly need not be discussed. Subparagraph (1) of paragraph (b) is the provision relied on by the Collector as describing the exchange involved in the case before us. Insofar as it is here material it states that "No gain or loss shall be recognized if property held * * * for investment (not including * * * bonds * * *) is exchanged solely for property of a like kind to be held * * * for investment." We think it is quite clear that this language does not describe an exchange of bonds for bonds. On the contrary such an exchange is by the very words of the parenthetical clause excluded from the class of exchanges described by the subparagraph. We, therefore, are compelled to conclude that the transaction whereby the taxpayer exchanged her debentures for bonds does not come within any of the exceptions contained in section 113(a) and that accordingly the basis for determining her gain or loss upon the maturity of the bonds is the cost of the bonds to her, which, we have seen, is the fair market value of the debentures which she gave up in exchange for them.

In reaching this conclusion we have construed the pertinent provisions of the Revenue Act of 1928 without reference to the provisions of any other revenue act. The Collector contends that the question can be decided only by construing the Revenue Act of 1928 in the light of the provisions of the Revenue Act of 1921 [1] under which the taxpayer's exchange of

debentures for bonds in 1922 was treated as a non-taxable transaction. However, section 113(a) (6) of the Revenue Act of 1928 did not provide, as it might have done, that the basis should be that of the property exchanged in all cases of exchanges of property which resulted in no recognized taxable gain or deductible loss under the revenue act in force at the time of exchange. On the contrary the act clearly restricted the use of the substituted basis to those exchanges in which no gain or loss would have been recognized by virtue of paragraphs (b), (c), (d) and (e) of section 112 of the Revenue Act of 1928 if they had taken place after the effective date of that act.

■ The Collector points to the provision in section 113(a) (6) that the basis is to be increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made and argues therefrom that the basis must be determined by applying the law in effect when the exchange was made. But this does not follow. As is stated in Paul and Mertens, Law of Federal Income Taxation, § 18.108, p. 379: "The law applicable to the year in which the exchange was made is invoked not to fix the basis, but only to determine the amount of gain or loss recognized in that year for the purpose of addition to or subtraction from the basis calculated under the law in effect not when the exchange took place, but when the sale or other disposition occurred. That is, it is immaterial that the exchange occurred prior to the effective date of the act affecting the determination of the gain or loss upon the subsequent sale or other disposition of the property." See Securities Co. v. Commissioner, 2 Cir., 1933, 64 F.2d 330.

■ It may be, as claimed by the Collector, that when Congress provided in Section 202(c) of the Revenue Act of 1921 that exchanges of bonds for other bonds

---

[1] Section 202(c) of that Act provided that " * * * on an exchange of property * * * for any other such property, no gain or loss shall be recognized * * * (1) When any such property held for investment, * * * is exchanged for property of a like kind or use;" Section 202(d) (1) of that Act provided that "Where property is exchanged for other property and no gain or loss is

recognized under the provisions of subdivision (c), the property received shall, for the purposes of this section, be treated as taking the place of the property exchanged therefor * * *." Under the 1921 Revenue Act, therefore, no taxable gain nor deductible loss was recognized upon the exchange of debentures for bonds in 1922 and the basis of the bonds was the same as that of the debentures.

should be tax free, it did not intend to exempt the taxpayer from the payment of a tax upon the gain arising from the exchange but merely intended to defer its assessment to a later time when the bonds so acquired were disposed of by a pure sale or its equivalent. However, in drafting section 203(b) (1) [2] of the Revenue Act of 1924 (which carried forward the provisions of section 202(c) of the 1921 act) Congress eliminated bonds and stocks from the category of property subject to nontaxable exchange under that section. In spite of this when, in section 204(a) (6) [3] of the same act, Congress undertook to describe those exchanges in which the basis for computing gain or loss upon the sale of the property received in the exchange should relate back to the original cost of the property exchanged, it did so by referring to section 203(b) (1). In doing so it may well be that it overlooked the fact that section 203(b) (1), which was intended to describe only future exchanges which were to be nontaxable under the Act of 1924, excluded from its description all exchanges of bonds and stocks, even those which had occurred before 1924 at a time when they were nontaxable under the terms of the Act of 1921. It doubtless did not realize the fact, which this case makes apparent, that as a result any gain realized upon such exchanges would entirely escape taxation. The fact remains that the language which Congress used clearly and inescapably led to that result as must have been apparent to any member who considered the matter. It is accordingly our duty to give effect to the language used. For we are not here dealing with a statutory ambiguity which it would be within the judicial power to resolve in accordance with the legislative intent, but rather with a wholly unprovided case which Congress might have covered but did not.

 The task of a judge called upon to construe a statute is frequently a difficult and delicate one. It is distasteful to him to have to hold that the legislative branch has failed to include in a statute a provision obviously desirable. It is much easier for him to yield to the temptation to supply the omission by doing a little

legislating himself under the guise of construing the statute. The temptation is particularly great where, as here, it is quite likely that the legislature would have provided for the case if it had thought of it and where, as here also, the public revenues suffer by the omission. But judges must set themselves firmly against such action in a case such as this where to do so would involve rewriting the statute, not construing it. Under our constitutional arrangements such an amendment is solely within the Congressional province and completely outside the judicial sphere. An encroachment by the judiciary upon the legislative power may, in a case such as this, be applauded at the moment as a saving of legislative time and public revenue but it must be resisted the more stoutly since as a usurpation of power, even though well intentioned, it carries within itself the seeds of future tyranny. We need only add that Congress in subsequently drafting the Revenue Act of 1934 actually did deal with this very problem in a new provision then added to the law as section 113(a) (12), 26 U.S. C.A. Int.Rev.Acts, page 700.

We recognize that the decision of the Court of Claims in Whitney v. United States, Ct.Cl.1936, 15 F.Supp. 76, certiorari denied 299 U.S. 576, 57 S.Ct. 40, 81 L.Ed. 425, is directly contrary to our conclusion, but for the reasons which we have indicated we are unable to follow that decision.

The judgment of the district court affirmed.

BIGGS, Circuit Judge (dissenting).

The taxpayer has either a gain or a loss in the taxable years in question. She has a loss if the Commissioner must use as the tax base for the bonds their cost as represented by the fair market value of the debentures at the time of the exchange of debentures for bonds in 1922. She has a gain if the tax base for the bonds is the same as it would have been for the debentures.

Section 112(b) (1) of the Revenue Act of 1928 provides that gain or loss should be recognized if bonds held for investment were exchanged for bonds to be held

---

[2] Section 203(b) (1) of the Revenue Acts of 1924 and 1926, 26 U.S.C.A.Int.Rev. Acts, pages 4, 148, was carried into the Revenue Act of 1928 as section 112(b) (1).

[3] Section 204(a) (6) of the Revenue Acts of 1924 and 1926, 26 U.S.C.A.Int. Rev.Acts, pages 8, 152, was carried into the Revenue Act of 1928 as section 113 (a) (6).

for investment as in the case at bar. Obviously such recognition was intended to take place on final disposition of the bonds. The taxpayer's bonds therefore were acquired upon an exchange "described" in 112(b) (1) for a double negative must be treated as an affirmative and the pertinent words of Section 112(b) (1) must therefore be read as if they were "Gain or loss shall ·be recognized if property, including bonds held for investment, are exchanged for bonds held for investment."

If the conclusions stated in the foregoing paragraph are correct, it follows that Section 113(a) (6) of the Revenue Act of 1928 fixed the tax base for the bonds. No gain or loss was recognizable upon the exchange of the bonds for the debentures in 1922 when the exchange was made for Section 202(c) (1) of the Revenue Act of 1921 governed that exchange. The basis for taxing the bonds therefore is the basis which would be applicable had the taxpayer retained the debentures until 1929 and 1930 and had not exchanged them for the bonds.

This view is confirmed by the last clause of the first sentence of Section 113(a) (6) which looks back to the "gain-freezing" provisions of the Revenue Act of 1921. It is strengthened also by the legislative history of Section 203 [1] of the Revenue Act of 1924 which is comparable to Section 112 of the 1928 Act. The "gain-freezing" provisions of Section 202(c) (1) of the 1921 Act were carried forward into the Revenue Acts of 1924, 1926 and 1928.[2] See Whitney v. United States, Ct.Cl.1936, 15 F.Supp. 76, certiorari denied 299 U.S. 576, 57 S.Ct. 40, 81 L.Ed. 425. This case was decided correctly.

I think that the fallacy, if it be such, in the majority opinion, lies in the fact that the majority hold that the status created by the "gain-freezing" provisions of Section 202(c) (1) of the Revenue Act of 1921 may not be carried forward into the 1928 Act to be used as a factor in determining the tax basis of the securities disposed of by the taxpayer in 1929 and 1930. These were final dispositions taxable under the Revenue Act of 1928. I do not see why the time element has importance if the status of the securities was one which was created prior to their disposition under the terms of the 1928 Act. It seems to me that the creation of this status for

the property disposed of was one well within the power of Congress, that Congress intended to effect this result and did in fact accomplish it.

There is no hole in the statutes through which the appellee may pass untaxed. The judgment should be reversed.

---

[1] See H.Rep. 179, 68th Cong.; 1st Sess. pp. 16, 17.

[2] See Section 204(a) (6) of the 1924 and 1926 Acts, 43 Stat. 253 and 44 Stat. 9, and note the provisions of Section 113(a) (6) of the 1928 Act.