## CITY BANK FARMERS TRUST CO. v. HOEY.

District Court, S. D. New York.

Nov. 12, 1942.

Mitchell, Taylor, Capron & Marsh, of New York City (Rollin Browne and George Craven, both of New York City, of counsel), for plaintiff.

Mathias F. Correa, U. S. Atty., of New York City (James A. Devlin, Asst. U. S. Atty., of New York City, of counsel), for defendant.

CLANCY, District Judge.

Plaintiff owned five different issues of City of Detroit coupon unsecured bonds, payable to bearer, all of which were in default in the payment of interest and had been purchased after such default. No provision for acceleration of principal on default in interest payments appears on the face of the bond and we conclude, since they were unsecured, there was none. Therefore, we find payment of principal was not yet due. Plaintiff joined with other bondholders in negotiating a plan for the refinancing and refunding of Detroit's outstanding bonds and assented to the plan as negotiated by surrendering its bonds and receiving therefor five lots of refunding bonds. Each lot of such new bonds corresponded with the corresponding lot of old bonds which had been surrendered in face amount, due date, and rate of interest. All of the bonds were general obligations of the City of Detroit not otherwise secured. Three of the lots of the new bonds were issued on the 15th day of March, 1933, and two on the 15th day of May, 1933. All reserved to the City of Detroit the right to refund one-third of the interest accruing on the bonds during the two years next succeeding the date of its issue with registered bonds of the City of Detroit due in 1962, redeemable on any interest payment date and bearing interest at the rate of three per cent to 1935 and thereafter at three and one-quarter per cent. One new bond, in addition, reserved to the City of Detroit the right to redeem on any interest payment date. The taxpayer originally failed to report receipt of the new bonds as creating any income but, receiving advice that the Treasury considered their receipt a basis for the establishment of income, made an amended report accordingly, paid the tax calculated thereon, filed a claim for refund of the tax, which was rejected, and thereupon brought this suit to recover it. The new bonds, when issued, had a market value in excess of the price paid for the old by the plaintiff.

Plaintiff, when it accepted the new bonds, was not in receipt of income. It is entitled to judgment. Defendant insists on retaining the taxpayer's money on the theory that his acceptance of the new bonds constituted an exchange which realized income. Regulation 86, promulgated under the 1934 Revenue Act, Article III-1 reads: "The Act regards as income or as loss sustained the gain or loss realized from the conversion of property into cash or from the exchange of property for other property differing materially either in kind or extent." We do not believe the taxpayer effected any exchange whatever. When the refunding operation was completed he held precisely the obligation he had held before. The regulation defines the statute to include income derived from an exchange of property for other property differing materially either in kind or extent. The obligation in the new bond does not differ either in kind or extent from that expressed in the old; it is the same. The concession to the City of Detroit of the right to prepay the principal of one debt or to pay the early accrued interest on all in another medium than cash does not confer on the bondholder anything he did not have before nor does either nor do both create a different obligation. What he has now and had before the transaction is the City of Detroit's obligation to pay. Such a transaction realizes no income. Schlemmer v. United States, 2 Cir., 94 F.2d 77. He has not the "something * * * really different from what he theretofore had" required by Weiss v. Stearn, 265 U.S. 242, 44 S.Ct. 490, 492, 68 L.Ed. 1001, 33 A.L.R. 520. He has no "new means of command over money." Allen v. Commissioner, 2 Cir., 49 F.2d 716, 719.