**GIRARD TRUST CO. v. UNITED STATES.**

**Civil Action No. 5001.**

District Court, E. D. Pennsylvania.

Dec. 30, 1946.

Barnes, Dechert, Price & Smith, Kenneth W. Gemmill and Chester C. Hilinski, all of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson and Thomas J. Curtin, Asst. U. S. Dist. Attys., both of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is an action for the recovery of income taxes alleged to have been erroneously paid by the taxpayer. Upon complaint and answer filed, both parties moved for judgment on the pleadings.

The facts are briefly as follows: On November 30, 1944, the taxpayer filed with the Commissioner of Internal Revenue claims for refunds in the respective amounts of Thirty-six and 63/100 Dollars ($36.63) and One Hundred Seventy-One and 28/100 Dollars ($171.28), representing income taxes for the calendar years 1941 and 1942. The claims not having been acted upon by July 1, 1945, the taxpayer brought this action for their refund. It was alleged that on April 22, 1926, the taxpayer acquired City of Philadelphia 4¼% Bonds of the par value of One Hundred Ten Thousand Dollars ($110,000), due April 1, 1976, with an optional retirement date of April 1, 1946. These bonds (hereinafter referred to as the old bonds) were acquired for investment purposes and cost the taxpayer One Hundred Twelve Thousand Four Hundred Seventy-Five Dollars ($112,475). On December 8, 1941, pursuant to the City of Philadelphia's refunding plan,[1] the taxpayer exchanged Fifty Thousand Dollars ($50,000) par value of the old bonds for Fifty Thousand Dollars ($50,000) par value City of Philadelphia, Series K Refunding Bonds due January 1, 1966, providing for 4¼% interest until April 1, 1946, and 3½% thereafter to the date of maturity with an optional retirement date of January 1, 1958, designated herein as new or refunding bonds. As an added feature, these bonds carried double or split interest coupons designated as "A" and "B" Coupons. The "A" Coupons represented interest at the new rate and ran throughout the life of the refunding bond. The "B" Coupons represented interest equal to the difference between the old and new rates of interest and ran until the option retirement date of the old bonds. On the date of exchange these bonds were worth

---

1 See Lloyd v. Com'r of Int. Rev., 4 T.C. 829, affirmed in 3 Cir., 154 F.2d 643.

Fifty-Eight Thousand Six Hundred Fifty Dollars ($58,650). On December 31, 1942, the taxpayer exchanged Sixty Thousand Dollars ($60,000) 4¼% City of Philadelphia old bonds for Sixty Thousand Dollars ($60,000) par value of the new or refunding bonds described above which on the date of exchange were worth Sixty-Five Thousand Nine Hundred Twenty-Five Dollars ($65,925). Our problem therefore is to decide whether or not the taxpayer's exchanges on December 8, 1941, and December 31, 1942, of the old City of Philadelphia bonds for the new or refunding bonds, constituted a taxable exchange within the pertinent sections of the Internal Revenue Code.

The taxpayer treated the difference between the cost of the surrendered old bonds and the fair market value of the refunding bonds received in exchange, as long-term capital gain, and made return therefor in his income tax return.

In Section 111, Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 111, it is provided: "(c) Recognition of gain or loss. In the case of a sale or exchange, the extent to which the gain or loss determined under this section shall be recognized for the purposes of this chapter, shall be determined under the provisions of section 112." Section 112 thereof states as follows: "(a) General rule. Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section," and, the following specific exception (b) (1), the only one applicable makes provision as follows: "(b) Exchanges solely in kind —(1) Property held for productive use or investment. No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stock, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness of interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment."

▮ The income tax laws recognize gains and losses resulting from the appreciation or depreciation in value of property. If the transaction is a sale, the realization of a gain or loss is easily determined. However, this is not always true when the transaction is an exchange, since certain exchanges, because no gain or loss in income is actually realized, are excepted from the income tax law. These exchanges are often referred to as "open transactions" or "tax free exchanges." It is evident that Section 112(b) (1) since it concerns a double negative must be read as though it were stated: "gain or loss shall be recognized if property known as bonds held for investment are exchanged for bonds held for investment." In construing this section, the court in Forstmann v. Rogers, 3 Cir., 128 F.2d 126, at page 128, stated: "Insofar as it is here material it states that 'No gain or loss shall be recognized if property held * * * for investment (not including * * * bonds * * *) is exchanged solely for property of a like kind to be held * * * for investment.' We think it is quite clear that this language does not describe an exchange of bonds for bonds. On the contrary such an exchange is by the very words of the parenthetical clause excluded from the class of exchanges described by the sub-paragraph." It becomes apparent from the reading of the statute that bonds are not included within the exceptions above noted, and unless some exceptions can be found to this plain wording of the statute as exchange of bonds for bonds involving a gain should be taxable.

In Hanlin v. Commissioner, 3 Cir., 108 F.2d 429, no deduction for a loss sustained under an exchange of bonds was allowed under 118(a), 26 U.S.C.A.Int.Rev.Code because "they were substantially identical." Here, with a difference in interest rate as well as in call date it cannot be stated that the facts in the instant case bring the exchange within the thought expressed in the above mentioned case. In City Bank Farmers Trust Co. v. Hoey, D.C.S. D.N.Y., 52 F.Supp. 665, the court was concerned with an exchange of bonds which were in default, but here each lot of new bonds corresponded with the corresponding lot of old bonds which were surrendered on due date and rate of interest, and ac-

cordingly the court held that it did not constitute a taxable exchange. To like effect is Motor Products Corp. v. Commissioner, 47 B.T.A. 983, affirmed 6 Cir., 142 F.2d 449, in which there was an exchange of 1931 bonds of the City of Detroit, which were in default and the series "A" bonds received in exchange unlike the instant case had the same fair market value as the old bonds on the date of exchange and bore the same rate of interest and the same provision for a sinking fund except there was an extension in the maturity date. Also in Newberry v. Commissioner, 5 T.C. 1390, there was an exchange of defaulted bonds of the State of Florida. The bonds were purchased in 1924, default occurred in 1933 and 1934 and refunding bonds were accepted in lieu of the old bonds. At the time of the exchange, the refunding bonds were worth about 52% of their par value and in 1939 the refunding bonds were redeemed. The question in dispute was whether the basis for computing gain or loss, was the cost to the taxpayer of the bonds originally purchased in 1924 or the fair market value of the refunding bonds at the date of their exchange in 1934. It was held that the former was the basis and that the exchange in 1934 effected no change in status. However, it is to be noted, where the bonds exchanged were in default, the courts appear to be particularly loathe to sustain a tax on the exchange, that is, defaulted bonds for refunding bonds. Montgomery's Federal Tax Handbook (1940–41 Ed.). Vol. 1, p. 79, in connection therewith, stated: "Such an exchange of bonds is analogous to the assistance given by stockholders by way of contributions, etc., to defaulting or weak corporations, or by creditors who consent to readjustments of securities of such corporations. These transactions are continuing transactions, not because of the reorganization sections of the law, but because they are mere readjustments of capital. Apparent losses arising from exchanges or adjustments of this character when there is no reduction in the principal of obligation to creditors, are not deductible because the debtor may soon recover its financial stability and make the contributions good." See also this same Author's comment on pages 178–180 of Federal Taxes on Corporations (1943–1944 Ed.).

■ However, in conformity with Forstmann v. Rogers, supra, is Field v. Commissioner, 41 B.T.A. 183, wherein there was an exchange of Imperial Irrigation District of California bonds for bonds of the same irrigation district having higher interest rate with the same maturity date together with a cash payment "to boot." The court held that Section 112(a), (b) (1), of the Revenue Code applied, refusing to apply the thought of substantial identity, as set forth in the Hanlin v. Commissioner, supra, and held the exchange taxable. While it is true that the same creditor, the City of Philadelphia, is here involved, it is submitted that there is a taxable gain, since the bonds are not substantially the same, in that the reduction in the rate of interest effects a saving to the City of Philadelphia, and at the time of the transfer there was an appreciation which reflected the difference in value of the bonds exchanged.

It is therefore held, that the gain resulting from the exchange of bonds for bonds in this case is taxable within the meaning of the pertinent sections of the Internal Revenue Code, and accordingly, the plaintiff's motion for summary judgment is denied and defendant's motion for judgment on the pleadings is allowed.