BOROUGH OF GLASSBORO, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. PATROLMEN'S BENEVOLENT ASSOCIATION LOCAL 178 AND JOSEPH GRASSO, DEFENDANTS.

Superior Court of New Jersey
Chancery Diviison

Decided July 1, 1976.

*Mr. Joseph F. Lisa* for plaintiff.

*Mr. Donald P. Ross, Jr.* for defendants (*Messrs. Zazzali & Zazzali,* attorneys).

GRUCCIO, J. S. C.   Plaintiff Borough of Glassboro is a small municipality in Gloucester County and maintains a small organized 16-man police force. The borough has a collective bargaining agreement with the patrolmen's designated representative, defendant Local 178 P. B. A.

The controversy concerns itself with *N. J. S. A.* 11:26C–4, which provides as follows:

Certain policemen and firemen; leave of absence to attend conventions.

The head of every public department and of every court of this State, the heads of the county offices of the several counties and the head of every department, bureau and office in the government of the various municipalities, shall give a leave of absence with pay to every person in the service of the State, county or municipality who is a duly authorized representative of the New Jersey State Patrolmen's Benevolent Association Inc. * * * to attend any State or national convention of such organization. * * *

Plaintiff seeks a declaratory judgment construing the above statute as restricting only *one* delegate to the state or national convention.

Defendant contends that (a) the statute does not limit the granting of leave to one or any number of patrolmen and that any number of delegates or alternates designated by the State P. B. A. must be granted leave without limitation; (b) Even if the statute is construed as authorizing only one, others *may* be authorized pursuant to collective bargaining agreements between the parties.

For the reasons hereinafter given, I essentially agree with defendant's position set forth in (b) above.

■ The statute in question sets the policy of the State and is in the singular. It does not affirmatively require the borough to grant paid leave to more than *one;* that however is not to say that the borough through collective bargaining may not authorize additional officers to attend.

I agree with defendant that construing the statute as I do, that is, as referring to only *one* delegate, such construction does not bar the municipality from allowing paid leave to one or more duly authorized representatives in addition to the one required by the statute. The language of the statute does not prescribe the granting of paid leave to more than one but this is a matter, like other terms and conditions of employment, that is subject to the contract negotiations.

■ I reject the contention that the statute as to "duly authorized" representatives to conventions is controlled by the requirements of the State P. B. A.

■ To adopt that position would leave the municipality to the possible arbitrary action of a union organization. It would subject the municipality to the probability that one-quarter, one-half or more of its police force could be designated delegates. The rules of statutory construction already favors logical, sensible and rational interpretation rather than that which would allow for arbitrary and capricious action. *In re Phillips,* 141 *N. J. Super.* 73 (App. Div. 1976) ; *State v. Gill,* 47 *N. J.* 441, 444 (1966) ; *Robson v. Rodriquez,* 26 *N. J.* 517, 528 (1958).

■ It is submitted by defendant that the question of interpretation of the statute is a matter for arbitration. I specifically reject this argument. *Bialkowski v. Ridgefield,* 118 *N. J. Super.* 354, 359 (Law Div. 1972); aff'd 120 *N. J. Super.* 194 (App. Div. 1972); *Forstmann v. Rogers,* 128 *F.* 2d 126, 129 (3 Cir. 1942), aff'g 35 *F. Supp.* 916 (*D. N. J.* 1940), rev'g 31 *F. Supp.* 660 (*D. N. J.* 1940). The proper forum for the statutory construction is the courts. It is only in the courts that one could obtain a determination of the statutes that would have binding statewide application. *Bialkowski* and *Forstmann, supra.*

The particular statute in question has been the subject matter of concern in negotiations and in litigation. No reported decision has construed this statute. As was said in *Bialkowski, supra*:

> It is the role of the judiciary to construe legislation not solely for the purpose of resolving a particular controversy but also to demonstrate the operation and effect of certain statutory language so that the citizenry can better comply with the law and the Legislature can better construct the law.

The interpretation made by the court today is one which gives vitality to the statutes and yet allows the parties by their contractual agreements to increase the number of delegates that will be allowed.